IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LOREN SCHLABACH and EVA SCHLABACH, Individually and as Parents and Guardians of minor children, D. S., N. S., minor children, and J. S., Deceased minor child,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY HENDRICK and SEVISON TRANSPORT, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

Come now the Plaintiffs, by counsel, and for their cause of action against the Defendants, Jerry Hendrick and Sevison Transport, Inc., allege and state as follows:

**COUNT 1 - NEGLIGENCE**

1. The Plaintiffs, Loren Schlabach and Eva Schlabach, are the parents of three minor children, identified by their initials as follows: D.S., age 4 at the time of the incident described herein; N.S., age 2 at the time of the incident; and J.S., age 7 months at the time of the incident.

2. At all times relevant herein, the Plaintiffs were residents of the State of Indiana.

3. At all times relevant herein, the Defendant, Jerry Hendrick, was a resident of the State of Michigan.

4. At all times relevant herein, Defendant, Sevison Transport, Inc., was a company based out of the State of Michigan.

5. The damages being sought by Plaintiffs in this action exceed the sum of $75,000.

6. This Court has original jurisdiction pursuant to 29 U.S.C. § 1332(a) as there is complete diversity of the parties and the amount in controversy exceeds the jurisdictional limit.

7. On July 9, 2012, the Plaintiff, Eva Schlabach, was operating a horse drawn buggy

in LaGrange County, Indiana, eastbound on the right shoulder of State Road 120 with her three minor children as passengers, N.S., D.S., and J.S.

8. On the same day and at the same location, Defendant, Jerry Hendrick ("Hendrick"), was operating a commercial motor vehicle owned by Defendant, Sevison Transport, Inc., headed eastbound on State Road 120 behind Plaintiffs.

9. As Hendrick approached the horse drawn buggy operated by Plaintiff, Eva Schlabach, Hendrick was traveling through an "S" curve when he steered his vehicle across a double yellow line in a no passing zone that was within 100 feet of an intersection. Hendrick drove in this fashion in an attempt to pass Plaintiffs' buggy.

10. As Hendrick was attempting to pass the buggy, he did not leave enough clearance for his trailer to pass the buggy. As a result, the back end of the trailer struck the left side of the buggy in a sideswipe fashion, resulting in a collision with the buggy that caused it to flip, ejecting the occupants.

11. At the time of incident described in the preceding paragraphs (the "Incident"), Defendant Hendrick operated the commercial motor vehicle pursuant to authority conveyed by the United States Department of Transportation, Identification Number 250353, to Defendant, Sevison Transport Inc.

12. At the time of the Incident, Defendant, Hendrick, was acting within the course and scope of his employment with Defendant, Sevison Transport, Inc.

13. The proximate cause of the Incident was the negligence of the Defendants.

14. As a direct and proximate result of the Incident, the Plaintiff, J.S., deceased minor child, was killed.

15. As a direct and proximate result of the Incident, the Plaintiffs, Eva Schlabach and minor children D.S. and N.S., were severely injured, and thereby incurred the following damages:

    a. Bodily injuries, some of which may be permanent;

      b.  Medical and hospital expenses, and future medical and hospital expenses;

      c.  Lost wages and an impairment to their earning capacity; and

      d.  Pain and suffering, which they will likely incur in the future.

16. In addition to the damages listed in the preceding paragraph, as a direct and proximate result of witnessing the death of J.S. and being involved in the Incident, the Plaintiffs, Eva Schlabach and minor children D.S. and N.S., suffered severe emotional distress of a kind that a reasonable person would experience, and have been damaged thereby.

17. As a direct and proximate result of the Incident, upon learning of the collision described herein and the death of his minor child, J.S., the Plaintiff, Loren Schlabach, suffered severe emotional distress of a kind that a reasonable person would experience, and has been damaged thereby.

18. As a direct and proximate result of the Incident, Plaintiffs have suffered the total loss of property for the buggy in which they were traveling.

19. As a direct and proximate result of the Incident, Loren Schlabach has lost the services and consortium of his wife, Eva Schlabach, and the services and companionship of his minor children.

20. As a direct and proximate result of the death of their minor child, J.S., the Plaintiffs, Loren Schlabach and Eva Schlabach, have lost the love, companionship, and services of J.S., and are entitled to compensation for the damages enumerated in IC 34-23-2-1 et. seq.

## COUNT II – PUNITIVE DAMAGES

21. Plaintiffs incorporate by reference rhetorical paragraphs 1-20 as if fully recited herein.

22. As a result of the Incident, Hendrick was charged with criminal recklessness for violating multiple sections of the Indiana Code governing restrictions on passing in: a no-passing zone; within 100 feet of an intersection; and while approaching a curve in the roadway.

23. At the time of the Incident, by virtue of attempting to pass the buggy by crossing a double yellow line, in a no passing zone, within 100 feet of an intersection, and while approaching a curve, Defendant Hendrick acted willfully and/or wantonly with conscious disregard for probable injury, or with gross negligence or oppressiveness that was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing, all of which was a direct and proximate cause of the Incident described herein and therefore justifies an award of punitive damages.

**WHEREFORE**, the Plaintiffs, respectfully pray for judgment from the Defendants, Jerry Hendrick and Sevison Transport, Inc., in an amount reasonably calculated to compensate them for the damages which they have incurred as a result of this collision, the costs of this action, and for all other relief just and proper in the premises.

Respectfully submitted,

**DOEHRMAN•CHAMBERLAIN**


 /s/ Thomas C. Doehrman, Esq.
Thomas C. Doehrman, Esq. (#4550-49)

**DOEHRMAN•CHAMBERLAIN**
600 E. 96th Street, Suite 450
Indianapolis, IN 46240
(317) 844-9999


 /s/ Richard W. Crowder, Esq.
Richard W. Crowder, Esq. (#19071-49)

**RICHARD W. CROWDER**
**ATTORNEY AT LAW**
211 South Third Street
Goshen, IN 46526